RICHARD A. CLARK, ESQ. (SBN 39558)
GREGORY M. SALVATO, ESQ. (SBN 126285)
GARY GANCHROW, ESQ. (SBN 163994)
PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
  A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:  (213) 683-6500
Facsimile:  (213) 683-6669
E-Mails:    rclark@pmcos.com
            gsalvato@pmcos.com
            gganchrow@pmcos.com

Special Litigation Counsel for Debtor
GTS 900 F, LLC, a California limited liability company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES

| | |
|---|---|
| In re:<br><br>GTS 900 F, LLC,<br><br>          Debtor. | Case No. 2:09-bk-35127-VZ<br><br>Chapter 11 |
| GTS 900 F, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>v.<br><br>CORUS CONSTRUCTION VENTURE, LLC,<br><br>          Defendant. | Adv. No.<br><br>**COMPLAINT AND OBJECTION TO PROOF OF CLAIM FILED BY CORUS CONSTRUCTION VENTURE, LLC; DECLARATION OF SONNY ASTANI [FRBP RULES 3007(b); 7001(2), 7001(8), 7001(9), and 9014]**<br><br>**JURY TRIAL DEMANDED**<br><br>*Status Conference Requested*<br>DATE:<br>TIME:<br>PLACE:   Courtroom 1368<br>         255 E. Temple Street<br>         Los Angeles, CA  90012 |

Debtor and Debtor in Possession GTS 900 F, LLC, a California limited liability company (the "**Debtor**"), alleges as follows:

-1-

COMPLAINT AND OBJECTION TO PROOF OF CLAIM         GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC.
357311

## JURISDICTION

1. The United States Bankruptcy Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This proceeding is brought pursuant to Bankruptcy Code Sections 502(b), 506(a), and 510(c), and Federal Rules of Bankruptcy Procedure Rules 3007(b), 7001(2), 7001(8), 7001(9), and 9014(c), among others. This is a core proceeding under 28 U.S.C. §157(b)(2). This Adversary Proceeding relates to the Bankruptcy Case entitled *In re GTS 900 F, LLC*, Case No. 2:09-bk-35127-VZ, commenced by a voluntary petition under Chapter 11 filed on September 17, 2009 (the "Bankruptcy Case").

2. Debtor includes in this Adversary Proceeding a request for affirmative relief as specified in Bankruptcy Rule 7001, and an Objection to Claim as provided in Bankruptcy Rule 3007(b), and seeks the application of the Adversary Rules to this proceeding, including those otherwise deemed inapplicable pursuant to Bankruptcy Rule 9014(c).

3. Among other things, in addition to the Objection to Claim, Debtor seeks declaratory relief as to the amount, extent and priority of the claim asserted against Debtor by Corus Construction Venture, LLC ("**Corus LLC**"), Debtor's construction lender and successor in interest to Corus Bank, N.A. ("**Corus Bank**"), as well as permissible offset for damages sustained by Debtor. Debtor also seeks a determination that all or a portion of the claim asserted by Corus LLC should be subordinated to the claims of other, unsecured creditors, pursuant to Bankruptcy Code Section 510(c) and principles of equitable subordination, as well as other appropriate relief, as more fully set forth below.

## PARTIES

4. Debtor is a limited liability company organized under the laws of the State of California, with its principal place of business in the County of Los Angeles. Debtor was formed for the purpose of acquiring the land located at the intersection of 9th Street and Figueroa Street in the City of Los Angeles, and

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC,
357311

1  developing the land into a mixed-use residential/retail project.

2      5.    Debtor is informed and believes that Corus LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Delaware.

## GENERAL ALLEGATIONS

    6.    On October 29, 2009, Corus LLC filed a Proof of Claim in the Bankruptcy in the amount of $162,662,216.26, which has been assigned claim number 16 on the Court's claims register. The Proof of Claim is based upon a Promissory Note (the "**Promissory Note**") dated as of July 2, 2007 given by Debtor to Corus Bank, which is Corus LLC's predecessor in interest, and the Construction Deed of Trust ("**Deed of Trust**") between Debtor and Corus Bank. Both the Promissory Note and Deed of Trust reference an underlying Construction Loan Agreement ("**Loan Agreement**") between Debtor and Corus Bank. A true and correct copy of the Proof of Claim is attached hereto as Exhibit 1.

    7.    Corus LLC asserts that it received an interest in the Promissory Note and other loan documents pursuant to an agreement with the Federal Deposit Insurance Corporation ("**FDIC**"), which on September 11, 2009 was appointed as the receiver of Corus Bank by Order of the Office of the Comptroller of the Currency. Debtor has requested that Corus LLC provide a complete copy of the agreement by which it acquired Debtor's loan from the FDIC, and, to date, Corus LLC has not done so. Accordingly, Debtor brings the First, Second and Third Claims for Relief in the Complaint based on the documents and records in its possession and on the applicable law, and on the grounds that Corus LLC stands as the successor in interest to Corus Bank, acquired its interest with full knowledge of the pre-petition lawsuit by Debtor against Corus Bank and the claims asserted therein, and is liable for and subject to defenses arising from Corus Bank's conduct, including such conduct asserted in Debtor's pre-petition lawsuit against Corus Bank.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM
357311

– 3 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC.

A.    **The Loan Agreement**

8.    Debtor and Corus Bank entered into the Loan Agreement as of July 2, 2007, in which Corus Bank agreed to lend to Debtor up to $190,000,000 to allow Debtor to construct, at 900 S. Figueroa Street and 901 S. Flower Street in Los Angeles, (1) a tower that would contain 271 residential units and retail and storage space ("**Tower I**"); (2) a loft building that would contain 77 residential units and retail and storage space (the "**Loft**"); and (3) a 7-story partly underground parking structure (the "**Parking Garage**").  The construction of Tower I, the Loft and the Parking Garage shall be referred to as the "**Project**."  The Loan Agreement contemplated that Debtor would sell the residential units in the Project as condominiums.

9.    Debtor invested approximately $55,000,000 as equity funds into the "Concerto" Project, starting one of the first high-rise construction projects in downtown Los Angeles in more than fifteen years.

10.   Debtor and Corus Bank, through the Loan Agreement, anticipated that Debtor would subsequently construct a second tower ("**Tower II**"), which was not being financed through the Loan Agreement, but which would be constructed on land on which Corus Bank would initially possess a security interest pursuant to the Loan Agreement.

11.   The Loan Agreement was structured so that in order for Debtor to borrow the full amount available under the Loan Agreement ($190,000,000) and which would be necessary to complete the Project, Debtor would need to repay from the sale of residential units in the Loft ("Residential Loft Units") up to $23,200,000 of the outstanding loan amounts.  This would enable Debtor to complete the Project, including the remainder of Tower I.

12.   Accordingly, Debtor invested significant time and money structuring the Project in a manner that would facilitate sales of the Residential Loft Units such that Debtor could repay to Corus Bank a portion of the loan and then receive the

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM
357311

– 4 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC,

additional funding necessary to complete the Project. Towards that end, Debtor re-phased the Project numerous times and created a single master condominium association for both Tower I and Tower II, per the Loan Agreement, which had the effect of reducing maintenance expenses and monthly assessments that purchasers of the residential units would need to pay, and making the units more affordable and economically feasible for prospective purchasers.

13. However, as more fully described below, Corus Bank's delays and improper demands, exacerbated by the deterioration of its financial rating, delayed Debtor in placing the Residential Loft Units on the market and otherwise injured Debtor.

**B.     Corus Bank's Financial Problems**

14. Debtor is informed and believes that in or about July of 2008 and thereafter, various governmental agencies informed Corus Bank that it needed to raise capital or risk being seized by regulators.

15. Debtor is informed and believes that, as of February 18, 2009, Corus Bank's financial condition had deteriorated to such a point that it was forced to enter into a Stipulation and Consent Order with the Comptroller of the Currency of the United States Department of Treasury agreeing to the issuance of a Consent Order that required Corus Bank to achieve and maintain certain minimal levels of capital pursuant to a capital plan, and which prohibited Corus Bank from declaring a dividend unless it was in compliance with such capital plan.

16. Debtor is informed and believes that Corus Bank allowed its financial condition to deteriorate to the point that it was forced to enter into a written agreement with the Federal Reserve Bank of Chicago in which Corus Bank agreed to submit to the Reserve Bank, and subsequently adopt, an acceptable written plan to maintain sufficient capital.

17. During this period of time, Corus Bank's reputation in the financial and business community became such that companies would not issue bonds to

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

– 5 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC,
357311

1  Debtor because of concern about Corus Bank's ability to fully finance the Project,
2  and subcontractors on the Project became concerned about Debtor's ability to pay
3  them for the work they performed, thereby impacting their performance.

4  **C.     Corus Bank's Inequitable Conduct**

5  18.    As Corus Bank entered a period of financial freefall in or about the
6  Fall of 2008, Corus Bank began, to its benefit and to the detriment of Debtor, to
7  engage in a pattern and practice of: (a) delaying approvals on documentation
8  submitted to it by Debtor, (b) delaying the payment of construction loan funds, (c)
9  making unreasonable demands of Debtor unwarranted by and in violation of the
10 Loan Agreement as preconditions to its own compliance with the Loan Agreement,
11 and (d) engaging in further delay tactics which made it difficult for Debtor to
12 successfully and timely complete the Project.

13 19.    Debtor is informed and believes that Corus Bank breached its
14 contractual obligations and breached its implied duty of good faith and fair dealing
15 arising from the Loan Agreement in the following respects, among others:

16          a.    Corus Bank failed to timely provide funding to Debtor;
17          b.    Corus Bank unreasonably failed and refused to timely approve
18 the Condominium Documents (as defined by the Loan Agreement) submitted to it
19 for approval;
20          c.    Corus Bank jeopardized the success of the entire Project by
21 refusing to consent to the Condominium Documents unless Debtor would first
22 agree to relinquish its contractual right, upon making a $25,000,000 payment to
23 Corus Bank, to obtain a release of the Tower II land from the Deed of Trust
24 executed in favor of Corus Bank;
25          d.    Despite the delays that it had caused and that the market would
26 no longer allow for the sale of the Residential Loft Units at the price originally
27 contemplated in the Loan Agreement, and even though its security interest was not
28 impaired, Corus Bank unreasonably failed and refused to approve the sale of the

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

– 6 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC.
357311

Residential Loft Units for a price calculated to optimize sales and sales proceeds;

  e. Despite the delays it had caused and despite Debtor's inability to obtain bonds because of the deterioration of Corus Bank's financial rating and reputation, Corus Bank unreasonably failed and refused to advance funds to Debtor from budgeted-for but unfunded items to allow Debtor to procure the bonds necessary to obtain a White Report from the California Department of Real Estate;

  f. Corus Bank offered the mezzanine lender of Evo, a neighboring 311-unit condominium project located at 1155 S. Grand Avenue that also was being financed by Corus Bank, a right of first refusal to purchase Evo's existing promissory note, empowering it to offer the Evo units at a reduced price.

  20. As a result of Corus Bank's breaches of its contractual obligations and its implied duty of good faith and fair dealing arising from the Loan Agreement, (a) the completion of the Project, including the loft portion of the Project, was delayed; (b) Debtor was unable to timely offer the Residential Loft Units for sale and, when they were offered for sale, was forced to sell them for lower prices than they would have sold for absent Corus Bank's misconduct; (c) Debtor was unable to timely close escrows on the Residential Loft Units; (d) Debtor has been unable to complete Tower I or to market or sell the Tower I units; (e) the Project has never been completed; (f) Debtor was unable to pay down the loan as projected; and (g) Debtor was forced into bankruptcy in order to protect itself from further losses.

  21. Also as a result of Corus Bank's breaches of its contractual obligations and breaches of its implied duty of good faith and fair dealing arising from the Loan Agreement, Debtor has incurred considerable additional fees and expenses, including but not limited to (a) additional payments to Corus Bank's attorneys to review the documents, (b) increased costs in attempting to procure the various bonds needed to obtain final governmental approval with respect to the Residential Loft Units; (c) increased construction and insurance costs; (d) increased interest under the Loan Agreement; (e) increased fees and costs in connection with this

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

– 7 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC.
357311

Bankruptcy; and (f) increased assessors taxes and homeowners association fees.

22. Also as a result of Corus Bank's breaches of its contractual obligations and breaches of its implied duty of good faith and fair dealing arising from the Loan Agreement, Debtor has been damaged in an amount to be determined, but believed to be at least in the range of approximately $40,000,000.

23. Although Corus LLC stated in paragraph 6 of the Attachment to Proof of Claim that "[a]dditional documents are available upon request," Corus LLC has failed and refused to provide Debtor with documentation related to the transfer of the FDIC's interest in the Loan Agreement to Corus LLC, other than a one-paragraph "Allonge," attached to the Proof of Claim. Accordingly, Debtor reserves its right to amend this Complaint, including its right to assert a claim for damages, upon discovering the exact nature of such purchase and/or transfer.

## **OBJECTION TO CORUS LLC'S PROOF OF CLAIM**

24. By this reference, Debtor hereby incorporates the allegations set forth above in paragraphs 1-23, inclusive.

25. Debtor objects to the Proof of Claim filed October 29, 2009 by Corus LLC on the grounds that Corus LLC's rights under the Promissory Note are subject to any defenses by Debtor to enforcement of the Promissory Note arising under state or federal law. As provided by Local Rule 3007-1(b), the date, time and place of hearing on this Objection will be set by the Court.

26. By virtue of the damages caused to Debtor by Corus Bank's breaches of its contractual obligations and breaches of its implied duty of good faith and fair dealing arising from the Loan Agreement, as described above, Corus LLC's claim fails to the extent of such damages and such defenses.

//
//
//

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

– 8 –

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM
357311

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC,

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief as to the Amount of the Corus LLC Claim)

27. By this reference Debtor hereby incorporates the allegations set forth above in paragraphs 1-26, inclusive, as though set forth in full herein.

28. By reason of the foregoing, Debtor contends that it has sustained damages in an amount to be determined, but believed to be at least in the range of approximately $40,000,000, which were proximately caused by the actions of Corus Bank and its successor, and which should be applied as an offset to the amounts claimed due by Corus LLC, thereby reducing the allowable claim of Corus LLC accordingly. Corus LLC denies this contention. Accordingly, a dispute now exists as to the amount of Corus LLC's entitlement pursuant to its Proof of Claim. Debtor therefore seeks a declaration of the Court setting out the parties' respective rights with respect to such Proof of Claim.

## SECOND CLAIM FOR RELIEF

### (Offset Against Proof of Claim Amount for Damages Sustained by Debtor)

29. By this reference Debtor hereby incorporates the allegations set forth above in paragraphs 1-28, inclusive, as though set forth in full herein.

30. By reason of the foregoing, Debtor has sustained damages in an amount to be determined, but believed to be at least in the range of approximately $40,000,000, which were proximately caused by the actions of Corus Bank and its successor, and which should be applied as an offset to the amounts claimed due by Corus LLC, thereby reducing the allowable claim of Corus LLC accordingly.

## THIRD CLAIM FOR RELIEF

### (Equitable Subordination under 11 U.S.C. § 510(c))

31. By this reference, Debtor hereby incorporates the allegations set forth above in paragraphs 1-30, inclusive.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

– 9 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC.
357311

32. There exist a significant number of contractors and subcontractor to the Project who are creditors of Debtor ("**Creditors**").

33. By virtue of the discretion granted to it pursuant to the Loan Agreement, including but not limited to its right to approve the Condominium Documents before the Residential Loft Units could be brought to market, Corus Bank had the ability to exercise power and control over Debtor's affairs with respect to the Project and over the ultimate success of the Project.

34. For the purpose of this proceeding, Corus LLC stands in the shoes of Corus Bank.

35. Debtor performed all of its obligations pursuant to the Loan Agreement, except for those obligations that were excused by Corus Bank's conduct.

36. As a direct and proximate result of the breaches, failures and inequitable conduct referenced above, Debtor has suffered damages believed to be at least in the range of approximately $40,000,000, but which have not yet been fully ascertained.

37. As a direct and proximate result of Corus Bank's breaches of contract and failures referenced above, Creditors have been injured in that Debtor became unable to pay them the amounts owed on the Project.

38. Pursuant to Bankruptcy Code Section 510(c), 11 U.S.C. § 510(c), this Court may, under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or interest.

39. The Proof of Claim filed by Corus LLC on October 29, 2009, and any amendment thereto, should be equitably subordinated in priority to the claims of creditors holding allowed secured and unsecured claims against the Debtor's estate.

WHEREFORE, as to the Objection to Corus LLC's Proof of Claim, Debtor prays for an Order sustaining Debtor's objection to the extent provided herein, and

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

– 10 –

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC,
357311

for attorney's fees and costs;

WHEREFORE, as to the First, Second and Third Claims for Relief, Debtor prays:

1. For declaratory relief as to the allowable amount of the Corus LLC Proof of Claim, and specifically, adjudicating that Corus LLC's claim shall be fixed and determined in the sum of the Proof of Claim minus the damages to Debtor, and that all other amounts should be denied.

2. For an Order setting off from Corus LLC's claim the amount of damages sustained by the Debtor;

3. For an Order equitably subordinating the claim of Corus LLC to the allowed claims of all other Creditors of the Debtor in this Bankruptcy Case;

4. For attorney's fees and costs of suit; and

5. For such other and further relief as the Court may deem proper.

DATED: December 29, 2009

PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation

By: */s/ Gregory M. Salvato*
Richard A. Clark
Gregory M. Salvato
Gary Ganchrow

Special Litigation Counsel for Debtor GTS 900 F, LLC, a California limited liability company

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM
357311

-11-

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC.

# JURY DEMAND

Debtor demands a jury trial on all triable issues.

DATED: December 29, 2009

PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation

By: /s/ Gregory M. Salvato
———————————————
Richard A. Clark
Gregory M. Salvato
Gary Ganchrow

Special Litigation Counsel for Debtor
GTS 900 F, LLC, a California limited
liability company

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

COMPLAINT AND OBJECTION TO
PROOF OF CLAIM

— 12 —

GTS 900 F, LLC v. CORUS CONSTRUCTION VENTURE, LLC,
357311